NO. 7845.

ALBERT LEDUFF

VS

NATIONAL SURETY CO.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

# OPINION.

By his Honor John St. Paul.

This suit grows out of a building contract. Plaintiff was a journeyman under A. S. Demoruelle, who in turn was a subcontractor under Hood & Co, the main contractors; and the defendant was surety on the main contractor's bond. *(Jany 30th 1912)*

Demoruelle failed to pay LeDuff, and the only question presented is whether under Act 134 of 1906, a laborer having a claim against a subcontractor has a recourse upon the bond furnished by the main contractor.

Act 134 of 1906 provides that an owner, about to build, "shall require of the undertaker, contractor, master mechanic or engineer, a bond with good and solvent surety x x x x the condition of which bond shall be the true and faithful performance of the contract, and the payment of all subcontractors, workmen, laborers, ### mechanics and furnishers of materials by the undertaker, contractor, master mechanic or engineer."

The act then provides a remedy upon said bond in favor of "Every person having a claim against the undertaker, contractor master mechanic or engineer x x x."

And it further declares that its purpose is "to require owners to secure bond with solvent surety from the undertaker, contractor, master mechanic or engineer, for the protection of all persons interested in the contract as their interests

57

may appear, which said surety is to stand in the place and stead of a <u>defaulting</u> <u>undertaker</u>, contractor, master mechanic or engineer."

From the foregoing it is clear that the bond to be required of the undertaker, contractor &c, is conditioned that <u>he</u> shall apy his subcontractors, laborers &c, and "every person having a claim <u>against him</u>", and not those having claims against subcontractors and others; that the surety is to stand in the place of the <u>defaulting contractor himself</u>, and not of defaulting subcontractors and others.

If the law had meant otherwise it would have said so, as it did in act 262 of 1916, for instance by inserting the word "subcontractor", as in the clause beginning "Every person having a claim against the undertaker, etc".

In Kette ingham vs Eureka Homestead, 140 La 176, the Supreme Court, interpreting Act 221 of 1914 (which is in the same terms as that of 1906) held that statute was not to be extended so as to include claims against subcontractors, because such claims were not mentioned in the act; and the act being in derogation of common rights, could not be extended beyond its terms.

It is true that in several cases prior to the last named, such claims were allowed; but the point was not made, and moreover the last case must govern.

The judgment appealed from was in favor of defendant, and is therefore correct.

Judgment Affirmed.